IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE GOMEZ,

     Petitioner,                          No. CIV S-06-2636 RRB EFB P

     vs.

BOARD OF PRISON TERMS,

     Respondent.                      FINDINGS AND RECOMMENDATIONS

_____/

     Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the October 18, 2006, application in which petitioner challenges the June 12, 2002, decision finding him unsuitable for release to parole. The matter is currently before the court on respondent's motion to dismiss the petition as untimely and for failure to raise any federal claims. For the reasons explained below, the court finds that the petition is untimely.

**I.**     **Procedural History**

     In May of 1978 , petitioner was convicted of first degree murder and was sentenced to life in prison with the possibility of parole. On June 12, 2002, a panel of the Board of Prison Terms ("BPT") found that petitioner not suitable for parole. Resp.'s Mot. to Dism., Ex. 1. On October 17, 2002, petitioner filed an administrative appeal of this decision. Pet., Ex. D. The

appeal was denied on May 6, 2003. Petr.'s Opp'n, Ex. A at 6. On March 7, 2004[1], petitioner filed an application for a writ of habeas corpus in the Monterey County Superior Court.[2] Resp.'s Mot. to Dism., Ex. 2. That court denied relief on the merits on April 7, 2004. *Id*., Ex. 3. On July 10, 2004, petitioner filed an application for a writ of habeas corpus in the Sixth District Court of Appeal. *Id*., Ex. 4. On September 17, 2004, that court summarily denied relief. *Id*., Ex. 5. On December 30, 2004, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. *Id*., Ex. 6. On December 15, 2006, that court denied relief *en banc* citing *In Re Rosenkrantz*, 29 Cal.4th 616 (Cal. 2002).[3] *Id*., Ex. 7.

On October 16, 2006, petitioner filed his federal petition. Pet., at 6.

## II. Standards

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). With respect to a challenge to a decision finding a prisoner unsuitable for parole, the period begins to run the date the factual predicate for the claims could have been discovered. *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003). When California required prisoners to exhaust their claims in the administrative grievance process, the limitation period began to run

---

[1] For each date petitioner filed a habeas petition in state and in federal court, the court deems the petition filed the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

[2] It appears that petitioner initially filed in Amador County, and that the matter was transferred to the Monterey County Superior Court.

[3] The California Supreme Court did not include a pinpoint citation. However, the petitioner in *Rosenkrantz* challenged the governor's reversal of the BPT's decision to grant parole and was denied relief on the merits. *In re Rosenkrantz*, 29 Cal.4th 616, 686 (Cal. 2002).

the day after the prisoner's grievance was denied on the highest level of review. *Redd*, 343 F.3d at 1084. In 2003,California required prisoners to exhaust available administrative remedies with respect to challenges to a finding of unsuitability for parole. *See* Cal. Code Regs. tit. 15, § 2050. Under the applicable federal law, a properly-filed state post-conviction application tolls the statute of limitations. 28 U.S.C.§ 2244(d)(2). In California, a properly-filed post-conviction application is "pending" during reasonable intervals between a lower court's decision and the filing of a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

The contention that an action is untimely is an affirmative defense. *Herbst v. Cook*, 260 F.3d 1039, 1042 n. 3 (9th Cir. 2001) (holding that statute of limitations is an affirmative defense that the court may raise *sua sponte*). Thus, the respondent bears the burden of proving that petitioner filed beyond the statutory period. *Payan v. Amarark Mgmt. Svcs., Ltd.*, 495 F.3d 1119, 1122 (9th Cir. 2007). This burden is satisfied by proof sufficient to support a presumption that the action was commenced untimely . *Payan*, 495 F.3d at 1123. The burden then shifts to the petitioner to submit evidence rebutting the presumption. *Id.*, at 1124.

**III.    Analysis**

The court first must determine when petitioner became aware of the factual predicate for federal habeas relief. As noted above, in 2003, when administrative appeals were available for the denial of parole, courts looked to the date review was complete on the final level of review. *See Redd*, 343 F.3d at 1084. Respondent argues that the limitation period commenced on May 7, 2003, the day after petitioner's administrative appeal was denied. Petitioner contends that the limitation period began to run some time in February of 2004. He asserts that he did not receive a copy of the denial until February of 2004, and that he did not learn of the denial until that time. The parties agree that the administrative appeal was denied on May 6, 2003.

Petitioner has submitted a prison-generated list of mail he received in May 2003 showing that on May 12 and on May 13, 2003, he received mail from "I/M Appeals." Petr.'s Opp'n, Ex. A at 4. There is no evidence about the type of appeal to which this designation pertains. Thus,

petitioner's evidence is insufficient to find that these items of mail related to the appeal of the decision finding him not suitable for parole rather than to an appeal concerning an entirely different matter. The dates, falling within seven or eight days of the denial of the parole appeal, suggest that one of them could have been the May 6, 2003, denial of his appeal. Petitioner submits no mail log for the month of February 2004 showing that he received mail from the Board of Prison Terms or from any division of inmate appeals. While he submits a document showing that he specifically requested the May 2003, mail log, Petr.'s Opp'n, Ex. A at 3, he does not submit any evidence that he requested such a log for February 2004.

It is important to note that respondent has submitted evidence sufficient to find that the limitation period commenced May 7, 2003. Petitioner thus has the burden of submitting evidence to the contrary. He has not satisfied this burden. He has not submitted evidence addressing whether the mail he received from "I/M Appeals" in May of 2003 concerned some matter other than the parole denial. Furthermore, there is no evidence whatsoever to support petitioner's assertion that he actually learned of the decision in February of 2004. Thus, the limitation period began to run the day after the decision, i.e., May 7, 2003.

Before petitioner sought post-conviction relief in the state superior court, the limitation period ran for 305 days, from May 7, 2003, until March 7, 2004. Respondents do not contend that petitioner's state habeas petitions were not "properly filed." Thus, the court assumes that they were. Accordingly, petitioner's state post-conviction motions were "pending" from March 7, 2004, until December 15, 2005, the date the California Supreme Court denied relief pursuant to *In re Rosenkrantz*. Given the 305 days that elapsed following the denial of his administrative appeal until he sought state habeas relief, petitioner had 60 days from the California Supreme Court's denial to file his federal habeas petition. However, he waited until October 16, 2006, or 301 days, to file in federal court. Therefore, the petition is late.

////

////

Because petitioner filed his application for a writ of habeas corpus beyond the one-year limitations period for doing so, it must be dismissed. The court does not address whether petitioner has stated a cognizable claim.

Accordingly, it is hereby RECOMMENDED that respondent's June 7, 2007, motion to dismiss be granted and that this action be dismissed as untimely. *See* 28 U.S.C. § 2244(d).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE