IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE GOMEZ,

                    Petitioner,

          vs.

BOARD OF PRISON TERMS,

                    Respondent.

No. 2:06-cv-02636-JKS-EFB

ORDER

      Petitioner, Jessie Gomez a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. Gomez's claim arises out of the denial of an appeal to the Board of Prison Terms ("BPT") from a denial of parole. In his petition Gomez raises 18 grounds: (1) Composition of the BPT violates California Penal Code § 5075; (2) BPT did not follow applicable California statutes and regulations in denying him parole; (3) BPT impermissibly relied upon his failure to discuss his commitment offense with either the examining psychologist or the BPT; (4) BPT did not thoroughly review Gomez's file; (5) BPT refused to consider parole office resources for job opportunities; (6) BPT incorrectly relied upon district attorney's opinion as to suitability; (7) BPT incorrectly relied upon lack of letters of support; (8) a Commissioner did not believe him; (9) the "system" forces him to participate in Alcoholics Anonymous/Narcotics Anonymous in violation of his religious belief; (10) BPT places undue emphasis on psychological assessment; (11) lack of any credible evidence that he posed a threat or unreasonable risk to public safety; (12) improper use of juvenile record; (13) improper use of alleged non-existent prior crimes; (14) improper manipulation of counselor's opinion to justify denial; (15) insufficient evidence to conclude he still posed a threat to public safety; (16) BPT lacks authority to compel him to receive therapy;

(17) denial of parole date based upon his commitment offense contrary to California law; and (18) his commitment offense and criminal history do not support denial of parole beyond the time specified in the BPT matrix.

Respondent moved to dismiss on the grounds that the petition was untimely, *i.e.*, that it was not filed within one-year of the date "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Respondent also argued that Gomez failed to exhaust state court remedies as to some claims and that other claims are procedurally barred.  Specifically, Respondent argued that Gomez failed to properly exhaust his state court remedies as to his second, fourth, eleventh, twelfth, and seventeenth grounds by failing to present the federal claims to the California Supreme Court, and that his third, fourth, fifth, sixth, seventh and eighth grounds are based upon state, not federal, law.

In his opposition, Gomez contended that because he did not receive actual notice of the denial of his appeal until February 2004, the limitation period did not start to run until he received actual notice of the decision of the BPT.

On February 12, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  The Magistrate Judge has recommended that the petition be dismissed on the ground that, because it was filed more than one year after the Board of Prison denied his application for parole, it was not timely filed.[1]  28 U.S.C. § 2244(d)(1).  The BPT denied his appeal on May 6, 2003, and Gomez did not file his petition in this Court until October 16, 2006, well outside the one-year limitation period.  Thus, unless time is tolled for all but 365 days during that period, the petition is untimely.  The Magistrate Judge found that the limitations period was tolled under § 2244(d)(2) between March

---

[1] The Magistrate Judge did not address the alternative grounds raised in the motion to dismiss.

7, 2004, and December 15, 2005,[2] while Gomez's applications for relief were pending in the California Courts.  The time restarted the following day, December 16, 2005.  Thus, 305 days were used between the termination of the state court proceedings and the filing of the petition in this Court.  Added to the 304 days that lapsed between the date the BPT denied his appeal, a total of 609 days, which, absent additional tolling, made the petition 244 days late.  The Magistrate Judge declined to find that the time between May 7, 2003, and sometime in February 2004, the date Gomez claims he actually received notice, was tolled.

Gomez objects to the Findings and Recommendations contending that there is no evidence of when he received notice that his administrative appeal from the determination that he was not suitable for parole was denied.  Although not precisely articulated, Gomez is asserting he is entitled to equitable tolling during the time between the date the BPT issued its decision and the date he received actual notice.  If entitled to equitable tolling during that period, his petition was timely filed.  Prior to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the standard in this circuit for determining whether a petitioner was entitled to equitable tolling was when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *See, e.g., Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).  It has been suggested that in *Pace* the Supreme Court articulated a new and less stringent standard, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  *Pace*, 544 U.S. at 418.  As recently noted in *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008), Ninth Circuit cases since *Pace* have not settled on a consistent standard.  *Compare, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006) (citing *Pace* and applying its standard), *with Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006) (applying the standard articulated in *Stillman*).  The only case to address the issue noted the possibility that *Pace* "lowered the bar somewhat" compared with the previous standard.  *See Espinoza-Matthews v. California,* 432 F.3d 1021, 1026 n.5 (9th Cir. 2005).  That case does not decide whether a

---

[2] In what appears to be a typographical error, the Findings and Recommendations incorrectly show the date as being December 15, 2006.

substantive difference exists between the two standards. *See id.* Like the Ninth Circuit panel in *Harris*, this Court need not decide whether there is any substantive difference; Gomez fails to make a case under either standard.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

It is undisputed that Gomez's administrative appeal was denied May 6, 2003. Because Gomez challenges a decision of the California Board of Prison Terms, the limitations period starts on the day following the denial of his administrative appeal. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (applying § 2244(d)(1)(D); *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (same). Gomez argues that, since he did not receive notice of the denial of his administrative appeal until early February 2004, his one year did not start until he actually received it. Thus, this case presents an issue not addressed in either *Redd* or *Shelby*, where timely receipt was not disputed.

The Court starts with the presumption that the decision's issuance date is also the date that it was mailed. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 & n.1 (1984) (per curiam); *Payan v. Aramark Mgmnt. Services Ltd P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). The Court also applies the common law mailbox rule that the mailing of a document creates a rebuttable presumption that the document was received by the addressee in the usual time. *See Schikore v. Bank of America Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001). This presumption is weaker when delivery is made by regular mail as opposed to certified mail and a sworn affidavit should ordinarily be sufficient to rebut the presumption of delivery. *See Salta v. I.N.S.*, 314 F.3d 1076, 1079 (9th Cir. 2002).

Gomez filed an affidavit in opposition to Respondent's motion to dismiss stating that he did not actually receive the notice until early February 2004.[3] This, following the "bursting bubble" approach to presumptions, is sufficient to rebut the presumption created by the mailbox rule, and this Court must weigh the evidence and make a factual determination concerning receipt. *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995); *see also Singh v. Gonzales*, 494 F.3d 1170, 1172–74 (9th Cir. 2007) (same).   Notwithstanding the fact that the mailbox rule presumption disappears, Gomez still has the burden of proving non-receipt. *Id.*; Fed. R. Evid. 301.  The Court may also infer receipt in the ordinary course from the fact of mailing.  *Id.*  Accordingly, resolution of this issue requires this Court to make a factual determination from all the evidence, direct and circumstantial, of whether or not Gomez has met his burden that he did not receive timely notice that his BPT appeal had been denied.

Attached to Gomez's affidavit is a copy of the inmate legal mail log for May 2003 that showed he received two items of legal mail from "I/M APPEALS," one on May 12 and the other on May 13, approximately one week after the decision denying his administrative appeal was presumably mailed.  In his objections Gomez argues, without evidentiary support, that an appeal from the Department of Corrections would be noted as an "Inmate Appeal," but a receipt from the Board of Prison Terms would be logged as coming from it, which neither of the May 2003 receipts indicate.  The Magistrate Judge noted Gomez did not produce any evidence that he had any other inmate appeals pending to which either of the items of legal mail received could or might have pertained.  Nor did Gomez provide a similar legal mail log for February 2004 that would indicate he received the notice of the administrative appeal decision in February 2004 or, for that matter, any other month between June 2003 and February 2004.  Gomez has attached to his objections to the Findings and Recommendations an Inmate/Parolee Appeal Form (CDC 602) that indicates the prison records office received notice on May 22, 2003, but that the prison had no record of when Gomez received his copy.  Indeed, Gomez complains that the records of the

---

[3] Gomez denominated the document as an "Affidavit"; however, it is actually an unsworn declaration under penalty of perjury having the same effect as an affidavit.  28 U.S.C. § 1746.

BPT and the prison are so incomplete that neither can provide evidence of when he actually received the notice.  There is no requirement that either the BPT or the prison maintain such records.  Gomez does not indicate how he received notice of the adverse administrative appeal decision in February 2004.[4]

The evidence is, at best, equivocal and provides little, if any, support for his conclusory statement that he did not receive notice that his administrative appeal was denied until February 2004.  Having carefully weighed the evidence, the Court finds that the conclusory nature of Gomez's affidavit, standing alone, is insufficient to overcome the mailbox rule inference coupled with the balance of the evidence.  Gomez has failed to meet his burden of showing that he did not receive notice that his BPT appeal had been denied in a timely manner.  Consequently, Gomez is not entitled to equitable tolling of any part of the period between May 7, 2003, and March 6, 2004.

Even assuming that Gomez has produced sufficient evidence to overcome the inference that he received notice of the denial of his appeal in due course, he would not necessarily prevail on the issue of timeliness.  Under § 2244(d)(1)(D), the triggering time is the time when Gomez could have discovered the predicate facts through the exercise of due diligence.  Gomez has made no showing whatsoever that by the exercise of due diligence he could not have ascertained that his administrative appeal had been denied in sufficient time to timely file his petition in this Court.  In fact, the record indicates that once he filed his administrative appeal (dated October 17, 2002, and received by the Board of Prison Terms on November 5, 2002) Gomez did nothing to followup on the progress of his appeal.  Although Gomez moved with reasonable diligence between the date he claims to have received notice and the date he initiated his state habeas proceedings, approximately 30 days, why he waited 305 days between the termination of the state court proceedings and the filing of the petition in this Court, a mere 60 days less than the year allotted, is unexplained.  The lack of followup on his BPT appeal coupled with the 10-

---

[4] The tenor of Gomez's argument appears to attempt to shift the burden to Respondent to prove receipt when it is his burden to establish non-receipt.

ORDER
*Gomez v. Board of Prison Terms*, 2:06-cv-02636-JKS-EFB     6

month delay between the end of his state court proceedings and initiating his federal habeas proceeding, at least facially, hardly constitutes due diligence.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The Findings and Recommendations filed February 12, 2008, as supplemented and modified herein, are adopted;

2.      Petitioner's request to conduct discovery is DENIED;

3.      Respondent's motion to dismiss at Docket No. 6 is GRANTED;

4.      Petitioner's application for a writ of habeas corpus is DISMISSED; and

5.      The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** no Certificate of Appealability is required.  *Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir. 2005).

Dated: August 13, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge